**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANDRES TORRES, Petitioner, v. J.L. JAMISON, *et al.*, Respondents. | : | Civil No. 2:26-cv-06627-JLS |

**O R D E R**

**AND NOW**, this 9th day of September, 2026, upon consideration of the Petition for Writ of Habeas Corpus (Dkt. No. 1) and Respondents' Response in Opposition to the Petition (Dkt. No. 4), **IT IS HEREBY ORDERED** that the Petition is **GRANTED** as follows:

(1) Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), and his present detention pursuant to that provision is unlawful.[1]

(2) Respondents shall **RELEASE** Petitioner from custody immediately and shall certify compliance with this Order on the docket within five (5) days of its entry.

(3) Respondents are temporarily **ENJOINED** from re-detaining Petitioner for ten (10) days following his release.

[1] Respondents acknowledge in their Response that the Third Circuit's precedential decision in *Buele Morocho v. Warden Philadelphia FDC*, Nos. 26-1150 & 26-1454, --- F.4th ----, 2026 WL 2546223 (3d Cir. Aug. 28, 2026), "controls the facts of this case." Resp. at 1, Dkt. No. 4. Respondents further acknowledge that Petitioner is presently detained without bond pursuant to 8 U.S.C. § 1225(b)(2)(A), and request only that the Court permit Petitioner to remain in custody while he is transferred to another facility for a future bond hearing under § 1226(a). *Id.* That request is denied. The Court holds that an indeterminate future bond hearing cannot cure Petitioner's presently unlawful detention under *Buele Morocho*. *See also Cruz-Davila v. Bondi*, No. 26-CV-01350-ESK, 2026 WL 497028, at *2 (D.N.J. Feb. 23, 2026) (declining "to allow respondents to transform an unlawful detention into a lawful one through alternative, retrospective, post hoc justification presented mid-litigation"). *Cf. Martinez v. McAleenan*, 385 F. Supp. 3d 349, 365-66 (S.D.N.Y. 2019) (same).

(4) If, after that period, Respondents seek to re-detain Petitioner pursuant to 8 U.S.C. § 1226(a), they shall not do so without first providing the Petitioner with a bond hearing before a neutral immigration judge.

**BY THE COURT:**

*/s/ Jeffrey L. Schmehl*

**JEFFREY L. SCHMEHL, J.**